# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 27, 2012

No. 11-50499
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ENRIQUE CASTLLO-QUINTANAR, also known as Luis Enrique Castillo
Quintanar,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3216-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Castillo-Quintanar (Castillo) was convicted of one count of
attempted illegal reentry following deportation, for which he was sentenced to
a 41-month term of imprisonment, and of one count of making a false claim of
being a citizen of the United States, for which he was sentenced to a concurrent
36-month term.  He argues that his 41-month guidelines-range sentence is
unreasonable because it is greater than necessary to meet the goals of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 3553(a).  Castillo contends that the Guidelines that govern illegal reentry offenses produced an unreasonable sentence because they resulted in double-counting of his criminal history and failed to account for the nonviolent nature of his offense, which he characterizes as an international trespass.  He also argues that the district court failed to consider his personal circumstances and his motive for returning to the United States.

We review the sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors.  *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).  A "sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As Castillo concedes, he did not object to the substantive reasonableness of his sentence.  Although Castillo maintains that we should review his sentence for an abuse of discretion, under our precedents review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994).  To prevail under the plain error standard, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

We have rejected the argument that a sentence is rendered unreasonable because application of the Guidelines results in double-counting of a prior criminal conviction.  *See United States v. Duarte*, 569 F.3d 528, 529-31 & n.2 (5th Cir. 2009).  Similarly, we have not been persuaded by the contention that the

No. 11-50499

Guidelines fail to account for the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). We have also determined that an alien's benign motive for returning to this country illegally, such as Castillo's contention that he entered the United States to look for work as an automobile mechanic so that he could support his three young children, is not sufficient to rebut the appellate presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). More generally, we will not second-guess the district court's assessment of the factors set forth in § 3553(a) as they apply to Castillo's case. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 767 (5th Cir. 2008).

Castillo has not demonstrated that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See Cooks,* 589 F.3d at 186. He has therefore failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see id.*, and he has not shown plain error. *See Puckett*, 556 U.S. at 135.

The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). However, because Castillo has not rebutted the presumption of reasonableness that attaches to his below-guidelines sentence, and has not demonstrated plain error, further briefing is unnecessary. Accordingly, the Government's alternative request for an extension of time to file a brief is DENIED.